CAROLYN SMITH, INDIVIDUALLY AND IN HER CAPACITY AS TUTRIX OF THE MINOR CHILD, THOMAS J. SMITH, JR.
v.
LAFOURCHE PARISH SCHOOL BOARD AND F. A. RICHARD & ASSOCIATES INSURANCE COMPANY
No. 2009 CA 0855.
Court of Appeals of Louisiana, First Circuit.
December 23, 2009.
PATRICK M. AMADEE, Counsel for Appellee, Lafourche Parish School Board.
CAROLYN SMITH, Counsel for Appellant, In Proper Person.
Before: DOWNING, GAIDRY AND McCLENDON, JJ.
DOWNING, J.
Carolyn Smith, individually and as tutrix of her minor child, Thomas J. Smith, Jr., appeals a summary judgment granted in favor of the Lafourche Parish School Board (Lafourche), dismissing her claims with prejudice. For the following reasons, we affirm the judgment of the trial court.
Ms. Smith had filed a lawsuit alleging generally that Lafourche had negligently left her special needs child in the rain, causing him to become ill, both emotionally and physically. Over a year later, Lafourche filed a motion for summary judgment, asserting that Ms. Smith could not establish a causal connection between Lafourche's actions and her child's illness. The trial court granted Lafourche's motion for summary judgment, dismissing Ms. Smith's claims with prejudice. In oral reasons, the trial court explained that no genuine issue of material fact existed and that Lafourche was entitled to judgment as a matter of law because Ms. Smith failed to provide "some factual support sufficient to establish that [she] will be able to satisfy the evidentiary burden at trial."
Reviewing courts review summary judgment de novo, using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. Cutsinger v. Redfern, 08-2607, p. 4 (La. 5/22/09), 12 So.3d 945, 949. Accordingly, we conclude that the trial court correctly applied the law to the facts of this case in granting summary judgment in Lafourche's favor.
Even so, Ms. Smith's primary argument on appeal is that she has been denied due process of law in that she was denied a trial on the merits. This argument is without merit.
As the supreme court explained in Driscoll v. Stucker, 04-0589, p. 13 (La. 1/19/05), 893 So.2d 32, 43, due process is an elusive concept, the boundaries of which are indefinable and varying. "As a generalization, it can be said due process embodies the differing rules of fair play which through the years have become associated with differing types of proceedings." Id.
"The purpose of the summary judgment motion is to allow courts to decide whether enough evidence exists to go to trial, thus giving judges an opportunity to weed out meritless litigation." Macaluso v. Macaluso, 99-0935, p. 6 (La.App. 1 Cir. 5/12/00), 762 So.2d 180, 182. A summary judgment must be based on proof that the movant is entitled to judgment as a matter of substantive law. The movant must also show that the judgment has been secured in accordance with procedural law. Macaluso, 99-0953, p. 4-5, 762 So.2d at 182-83. Pertinently here, in connection with a motion for summary judgment, "[pjrocedural due process requires an opportunity to be heard, in addition to notice of the pendency of an action, and in conjunction therewith, adequate notice of the hearing is fundamental." Macaluso, 99-0953, p. 14, 762 So.2d at 183.
Here, the record demonstrates that Ms. Smith was present at the hearing and had an opportunity to be heard. She does not argue otherwise. The hearing was continued once at her request. And presumably because Ms. Smith was a pro se litigant, the trial court carefully questioned her regarding the nature and extent of her evidence and explained the nature of evidence she would need. Only after being satisfied that Ms. Smith could not produce necessary evidence did the trial court enter summary judgment against her.
We conclude, therefore, that Ms. Smith's arguments, while well and thoroughly presented, are without merit. We affirm the summary judgment granted by the trial court dismissing Ms. Smith's claims with prejudice. Costs of this appeal are assessed to Ms. Carolyn Smith. We issue this memorandum opinion in compliance with URCA Rule 2-16.1.B.
AFFIRMED